CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 14 2009

JOHN F CORCORAN, CLERK
BY: /s/ Kristin
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 5:09cr00010-1 |
| v. | **REPORT AND RECOMMENDATION** |
| **ADRIAN OWEN JETT,** | By: Hon. James G. Welsh |
| *Defendant* | U.S. Magistrate Judge |

The Grand Jury previously returned a Multi-count Indictment charging in **Count One** that beginning on or about September 2007 and continuing until on or about September 30, 2008, this defendant knowingly and intentionally combined, conspired, confederated and agreed with other persons, both known and unknown, to distribute fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(A), all in violation of Title 21 United States Code, Section 846; charging in **Count Two** that on or about July 29, 2008 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); charging in **Count Three** that on or about September 23, 2008 this defendant knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; charging in **Count Four** that on or about September 30, 2008 this defendant knowingly and intentionally distributed

a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; charging in **Count Five** that on or about September 30, 2008 this defendant knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; charging in **Count Six** that on or about September 30, 2008 this defendant knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and charging in **Count Seven** that on or about September 30, 2009 this defendant, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is a Taurus 9 millimeter handgun and 9 millimeter ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). In addition the Indictment contained a **Notice of Forfeiture** apprising the defendant of the government's intention to seek forfeiture of certain property, pursuant to Title 21, United States Code, Sections 853 and 881.

The defendant was previously arraigned and entered pleas of Not Guilty to these charges. The defendant having now indicated an intent to change his plea to two of these charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of 28 U.S.C. § 636(b)(3).

Pursuant thereto, a plea hearing was held on July 2, 2009. The defendant was at all times present in person and with his counsel, Joel C. Hoppe, Assistant Public Defender. The United States was represented by Jeb Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g). With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea; the defendant entered pleas of guilty to the felony offenses charged in Counts One and Seven of the Indictment, and an agreed Order of Forfeiture was entered.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is Adrian Owen Jett; he is twenty-three (23) years of age, and he attended school through the tenth grade in Virginia. He can read, write and understand English without difficulty. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding, that he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding, that his mind was clear, and that

he understood he was in court for the purpose of entering pleas of guilty to felony offenses which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to change his plea and to enter pleas of guilty.

The defendant acknowledged that he had received a copy of the Indictment. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the several charges against him in the Indictment and understood each was a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to two of the charges had been made after consulting with his attorney, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change two of his prior pleas and to enter pleas of guilty to the charges pending against him in Counts One and Seven of the Indictment.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). By counsel, the government's understanding of the plea agreement was then stated in some detail: including the agreement for the

defendant to plead guilty to Counts One and Seven of the Indictment [¶ A.1.]; the terms of the government's agreement to dismiss the remaining counts of the Indictment at the time of sentencing [¶ A.3]; the defendant's express acknowledgment of the mandatory minimum penalty for violation of 21 U.S.C. §§ 841(b)(1)(A)[1] [¶ A.1]; the defendant's express acknowledgment of the possible maximum statutory possible penalty for violation of said criminal statute and the maximum possible penalty for violation of 18 U.S.C. § 922(g)(1) [¶ A.1.]; the defendant's express understanding that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, and that his assets may be subject to forfeiture [¶¶ A.1. , B.5.a. and C.]; the defendant's express admission of his factual guilt to the offenses charged in Counts One and Seven of the Indictment [¶ A.1.]; the defendant's obligation to pay a $200.00 special assessment in full prior to entry of his guilty plea and the related restitution and assessment provision [¶ B.5.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the terms of the government's agreement not to file an Information pursuant to 21 U.S.C. § 851 [¶B.2.]; the acceptance of responsibility provision [¶ B.3.]; the substantial assistance provision [¶ B.4.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the defendant's express agreement to the forfeiture of

---

[1] The defendant was also informed that he could be sentenced to less than ten years imprisonment if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e) on his behalf. *See* ¶ plea agreement B.4.].

assets, waiver of notice, and entry of an Order of Forfeiture at the time of entry of his pleas [2] [¶ C.]; the defendant's express waiver of his right to appeal for any reason whatsoever [¶ D.2.]; the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.3.]; the defendant's abandonment of any seized property [¶ C.6.]; the defendant's waiver of all rights to access investigation or prosecution records or information [¶C.4.]; the terms of the defendant's statute of limitations waiver [¶ E.]; the option of the government to declare the agreement void in the event that any co-defendant did not also enter a guilty pursuant to the co-defendant's separate plea agreement [3] [¶ D.7.]; the defendant's express acknowledgment that he had been effectively represented [¶ F.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that the defendant understood all of its terms.

---

[2] Pursuant to the terms of this plea agreement provision, an agreed *Order of Forfeiture as to Defendant Jett* was tendered to the court and entered as part of the Rule 11 hearing.

[3] The co-defendant named in the Indictment entered a guilty plea pursuant to a separate written plea agreement on the same date and thereby removed this contractual contingency.

The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter pleas of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Indictment and the range of punishment for the offense charged in Count Seven of the Indictment, the defendant acknowledged his understanding that the minimum statutory penalty for conviction of the offense charged in Count One of the Indictment to be confinement in a federal penitentiary for ten (10) years, [4] his understanding that the maximum possible penalty provided by law for conviction of this offense to be confinement in a federal penitentiary for the remainder of his natural life without the possibility of parole, a $4,000,000.00 fine, and a significant term of supervised release after completion of any term of incarceration, and his understanding that (unless it was determined that he had at least three prior convictions for serious drug offenses and/or violent felonies for which he would be subject to a mandatory minimum and an enhanced maximum sentence pursuant to 18 U.S.C. § 924(e)) the maximum penalty possible penalty for conviction of the offense charged in Count Seven to be confinement in a federal penitentiary for ten years, a $250,000.00 fine, and a term of supervised release. *See* Rule 11(b)((H)-(I). In addition, the

---

[4] *See* footnote no. 1.

defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and

other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ D.2.], the defendant expressly acknowledged that he understood that he was waiving all rights to appeal his conviction or any sentence which did not exceed the maximum permitted by law. Likewise, pursuant to the terms of the plea agreement [¶ D.3.], he expressly acknowledged that he understood he was waiving all rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not

guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact participated in a criminal conspiracy to distribute fifty grams or more of cocaine base ("crack') was alleged. Likewise, he testified that he was pleading guilty to the offense charged in Count Seven of the Indictment because he was in fact a convicted felon at the time he possessed the firearm described in said Indictment count.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government read into the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. After which, the defendant signed the written Statement of Facts, and he and his attorney each acknowledged that as to the charges in Counts One and Seven it fairly summarized the government's case. *See* Rule 11(b)(3). It was then received, filed and made a part of the record.

After testifying that he had heard and understood all parts of the proceeding, the defendant waived a reading of the indictment. Asked his plea to the offense charged in Count One, the defendant entered a plea of GUILTY to the violation of Title 21, United States Code, Section 846 and 841(b)(1)(A). Likewise, upon being asked for his plea to the offense charged in Count Seven, the defendant entered a plea of GUILTY to the violation of Title 18, United States Code, Section 922(g)(1), The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty, after an independent basis for the plea was established, the defendant was again addressed personally, and he reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty pleas.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas to the charges set forth in Counts One and Seven of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea;

3. The defendant is fully aware both of the nature of the charges set forth in Count Seven of the Indictment and of the consequences of his guilty plea;

4. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

5. The defendant's pleas of guilty were made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and his tender of pleas of guilty to Counts One and Seven were all made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered his pleas of guilty to Counts One and Seven of the Indictment;

8. The defendant's pleas of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

9. The plea agreement complies with the requirements of Rule 11(c)(1);

10. The defendant's agreement to the terms of the Order of Forfeiture was made voluntarily and with the advice and assistance of counsel; and

11. The evidence presents an independent basis in fact containing each essential element of the two offenses to which the defendant has entered pleas of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to the offenses charged in Counts One and Seven of the Indictment, that he be adjudged guilty of said offenses, ands that a sentencing hearing be scheduled at a time convenient to the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter

to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review.**

At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge, and the clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 13th day of July 2009.

/s/   *James G. Welsh*
United States Magistrate Judge